UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-22982-GAYLES

JAMES NOVICK,
              Plaintiff,

v.

WELLS FARGO BANK, N.A.,
              Defendant.
                                        /

## ORDER

**THIS CAUSE** comes before the Court on Wells Fargo's Motion to Dismiss Plaintiff's Complaint [ECF No. 12]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is granted.

### I.    BACKGROUND

On January 28, 2011, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") commenced an action seeking to foreclose on a mortgage executed by Plaintiff James Novick ("Plaintiff") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "Foreclosure Action"). The Foreclosure Action was extended for five years, due in part to Plaintiff's repeated requests for continuances. On June 24, 2016, a Final Judgment of Foreclosure was entered in the Foreclosure Action. On July 8, 2016, Plaintiff appealed the final judgment to the Florida Fourth District Court of Appeal.[1] The only action remaining in the Foreclosure Action is conducting the sale and transferring title.

Plaintiff initially filed his federal claims—along with seven other borrowers—in the case styled *Guzman v. Wells Fargo Bank, N.A.*, No. 16-21423 (S.D. Fla. *filed* Feb. 18, 2016). On

---

[1] Plaintiff filed for Chapter 13 Bankruptcy Protection on August 3, 2016. *See In re James Morton Novick*, Case No. 16-20785.

June 22, 2016, Judge Altonaga granted Wells Fargo's motion to sever, agreeing with Wells Fargo that the plaintiffs' claims did not arise out of a single transaction or series of transactions and did not present the same questions of law or facts, in violation of Federal Rule of Civil Procedure 20(a). *See* Order, *Guzman*, No. 16-21423 (S.D. Fla. June 22, 2016), ECF No. 26. She dismissed the plaintiffs' complaint and instructed them to file claims in separate actions *nunc pro tunc* to the filing date of that action.

Plaintiff commenced this individual action on July 11, 2016, bringing claims against Wells Fargo for breach of contract; a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605; a violation of Article 5-102 of the Uniform Commercial Code; and a violation of 42 U.S.C. §3605(a), all arising from Wells Fargo's alleged failure to modify his loan. He also sought specific performance and judicial review of his applied-for loan modification.

Wells Fargo moved to dismiss, arguing that Plaintiff's claims are barred by Florida's compulsory counterclaim rule and that, even if the claims are not barred, they fail to state a cause of action. The Court initially granted Wells Fargo's motion due to Plaintiff's failure to timely respond. Upon Plaintiff's motion for reconsideration and belated response, the Court now considers the merits of the motion to dismiss.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the defendant–unlawfully-harmed-me accusations." *Id*. (alteration added)(quoting *Twombly*, 550 U.S. at 555).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added)(citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

## III. DISCUSSION

The Court finds that Plaintiff's claims are barred by the compulsory counterclaim rule.[2] The failure of a plaintiff to bring a compulsory counterclaim in a state court proceeding is a bar to a later suit in federal court on that claim. *Montogomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380-82 (11th Cir. 1991). "The purpose of the compulsory counterclaim rule is to eliminate multiplicity of litigation." *Id.* at 1381.

The Court looks to state law to determine whether a particular claim is a compulsory counterclaim. *Beepot v. J.P Morgan Chase,* 57 F. Supp. 3d 1358, 1370 (M.D. Fla. 2014). Florida Rule of Civil Procedure 1.170 provides:

---

[2] Most of the individual actions, severed from the case first filed before Judge Altonaga, have been dismissed based on the *Rooker Feldman* Doctrine. *See e.g. Leyva v. Wells Fargo Bank, N.A.*, Case No. 16-cv-23019-Moreno, *Yris Mosquea v. Wells Fargo Bank, N.A.*, Case No. 16-cv-22986-Moreno, *Mirabal et al. v. WellsFargo Bank N.A.*, Case No. 16-cv-61658-Cooke (also finding dismissal appropriate under compulsory counterclaim rule), *Echeverry v. Wells Fargo Bank, N.A.*, Case No. 16-cv-61635-Gayles. The *Rooker Feldman* doctrine holds that "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The doctrine does not apply in this instance as Plaintiff filed his federal action before there was a final judgment in the Foreclosure Action. *See Green v. Jefferson County Commission*, 563 F.3d 1243, 1249-50 (11th Cir. 2009) (scope of *Rooker Feldman* doctrine is limited to "instances where the state proceedings have ended.")

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Fla.R.Civ.P. 1.170(a). Florida courts have adopted a four-part "transaction or occurrence" test to ascertain whether a claim is compulsory: (1) are the issues of fact and law raised by the claim and counterclaim largely the same; (2) would *res judicata* bar the subsequent suit; (3) will the same evidence support or refute both the claim and the counterclaim; and (4) is there any logical relation between the claim and the counterclaim. *Id.* (citations omitted). If any of the questions are answered in the affirmative, the counterclaim is compulsory. *Id.* However, as noted in *Neil v. South Florida Auto Painters, Inc.*, 397 So. 2d 1160, 1164, n. 7 (Fla. 3d DCA 1981), every compulsory counterclaim necessarily passes the logical relationship test, which evaluates whether "the same aggregate of operative facts serves as the basis of both claims." *Id.* Florida courts broadly construe the logical relationship test. *Juster*, 932 F.2d at 1381.

Plaintiff's claims in this action and Wells Fargo's claims in the Foreclosure Action clearly stem from the same set of operative facts. Each of Plaintiff's claims contest the validity of the Foreclosure Judgment. The facts necessary to prove Plaintiff's allegations that Wells Fargo did not modify his loan and/or violated various statutes in foreclosing on his home are the same facts that the state court had before it during the foreclosure proceedings. Plaintiff, despite ample opportunity, failed to raise these claims in the Foreclosure Action. Accordingly, Plaintiff's claims are barred by the compulsory counterclaim rule. *See Martinez v. Bank of America*, No. 14-21467-CIV, 2014 WL 2735668 at * 3 (S.D. Fla. June 16, 2014) (finding plaintiff's federal claims relating to his foreclosed mortgage were barred by the compulsory counterclaim rule); *Mirabal*, Case No. 16-cv-61658-Cooke (finding plaintiff's claims barred by compulsory counterclaim rule under virtually identical facts).

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint [ECF No. 12] is **GRANTED**. Plaintiff's Complaint is **DISMISSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7th day of June, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE